UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GROK LINES, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PASCHALL TRUCK LINES, INC., a Kentucky corporation, <br><br> Defendant. | Case No. 14-cv-8033 <br><br> Hon. Edmond E. Chang |

## PRELIMINARY APPROVAL ORDER

Having fully considered Plaintiff's Motion For Preliminary Approval Of Class Action Settlement (the "Motion"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Class Action Settlement Agreement ("Agreement"), attached to the Motion as Exhibit 1.

2. The Court preliminarily approves the Agreement subject to the Final Approval Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement"). The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiff's Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of *Grok Lines, Inc. v. Paschall Truck Lines,*

*Inc.* (the "Litigation") and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> all individuals or entities who, up to April 4, 2016, were sent one or more facsimile in the form of Exhibit A to the Complaint from or on behalf of Defendant or who own the fax machines to which the facsimiles were sent.

4. The Court recognizes that Defendant Paschall Truck Lines, Inc. ("Defendant") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves all of its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

5. For settlement purposes only, the Court preliminarily appoints Plaintiff Grok Lines, Inc. ("Plaintiff") as representative of the Settlement Class.

6. For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

> Joseph J. Siprut
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois 60602

7. The Court appoints Heffler Claim Group ("Heffler") as the Settlement Administrator. Heffler will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

8. By May 2, 2016 within twenty-eight (28) days of this Order, Defendant shall transfer the $100,000 Settlement Fund into an escrow account held by the Settlement Administrator in trust for the benefit of the Settlement Class.

9. Notice shall be provided to the Settlement Class by May 4, 2016, within thirty (30) days after entry of this Order. Notice shall be in a form substantially the same as the Notice attached to the Agreement as Exhibits A and B and shall be delivered by Heffler via facsimile to the fax numbers in the Class List and via mail to the mailing addresses in the Class List.

10. The addresses provided by Plaintiff on the Class List shall be run through a NCOA database prior to being mailed. The postage rate selected for the mailing of the Notice shall provide for notification of forwarding addresses. If the Notices are returned by the Postal Service as undeliverable, Class Counsel or the Settlement Administrator may undertake further reasonable efforts to locate that person or entity to re-send the Notice to that member of the Settlement Class. If the Notice is returned by the Postal Service with a forwarding address or other error that can be ascertained and corrected, then Class Counsel or the Settlement Administrator shall re-send by first class mail, the Notice to the new address within five (5) days.

11. Within thirty (30) days following the entry of the Preliminary Approval Order, Notice shall be provided on a website at www.TruckCarrierTCPASettlement.Siprut.com, which shall be administered by Class Counsel, and on which class members shall be given the opportunity to download the Notice and review other documents relevant to this proceeding.

12. The form and content of the Notice are fair and reasonable, and Notice shall be disseminated to the Settlement Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

13. The Court finds that the Notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Settlement Class. The Notice is reasonably calculated, under the circumstance, to apprise the Settlement Class: (a) of the pendency of the Litigation; (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (c) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (d) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

14. No later than September 28, 2016 seven (7) days before the Final Approval Hearing, Heffler shall file a declaration with the Court attesting to completion of Notice, including the transmission via facsimile and mail of the Notice, and the number of valid opt-outs and objections.

15. Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to Heffler at the address on the Notice and to be postmarked no later than sixty (60) days after the Notice is first transmitted to the Settlement Class (the "Exclusion/Objection Deadline"). The opt-out request must (a) identify the member of the Settlement Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out

from participating in the proposed Settlement and he or she will be unaffected by the Agreement. Heffler shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Exclusion List").

16. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

17. Heffler shall provide the Exclusion List to Class Counsel and Defendant's Counsel no later fourteen (14) days after the Exclusion/Objection Deadline and shall file the Exclusion List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than September 28, 2016, seven (7) days before the Final Approval Hearing.

18. Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Exclusion/Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

(a) A caption or title that identifies it as "Objection to Class Settlement in *Grok Lines, Inc. v. Paschall Truck Lines, Inc.* (Case No. 14-cv-8033);"

(b) The objector's full name, address, email address, telephone number, and his or her counsel's name, address, email address, and telephone number;

(c) A written statement detailing each objection, the facts supporting them, the legal basis on which they are based, and the relief requested; and

(d) A written statement detailing whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

19. Any objections must be appropriately filed with the Court no later than the Exclusion/Objection Deadline, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Exclusion/Objection Deadline.

> Clerk of Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois 60604
> Attention: "*Grok Lines, Inc. v. Paschall Truck Lines, Inc.* Case No. 14-cv-8033"

A copy of the objection, postmarked no later than the Exclusion/Objection Deadline, must also be mailed to Heffler at the post office box described in Paragraph 25.

20. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Heffler, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

21. The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition of any Settlement Class Member who objects to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement (or any witness identified in the written objection or notice of appearance) prior to the Final Approval Hearing. If the objecting Settlement Class Member fails to appear for any such deposition ordered by the Court, the objection will not be considered by the Court. If any witness fails to appear for deposition, that witness's testimony will not be considered by the Court. Any Settlement Class Member who fails to comply with the orders of the Court or the provisions of the Agreement regarding objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in this Litigation.

22. Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Exclusion/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to Heffler, as provided for in Paragraph 19 above.

(a) If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted and a list identifying all objections such counsel has filed to class action settlements from January 1, 2011 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection. Any attorney

hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Settlement Class Member's own expense; and

(b) If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Final Approval Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Exclusion/Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Final Approval Hearing.

23. If any objection is deemed frivolous, the Court may award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

24. Any Settlement Class Member who wishes to receive benefits under the Agreement must not exclude himself or herself from the Settlement.

25. Heffler will establish a post office box to be used for receiving requests for exclusion or objections and any other communications relating to this Settlement.

26. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded

themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (c) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims. This Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

27. A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Final Approval Hearing") shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 2119, commencing on October 5, 2016, at 10 a.m.

28. The Court may reschedule the Final Approval Hearing without further written notice. If the Final Approval Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket.

29. Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than September 28, 2016, within seven (7) days before the Final Approval Hearing.

30. An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Exclusion/Objection Deadline.

31. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

32. Defendant shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than September 28, 2016, which is seven (7) days before the Final Approval Hearing. The Court finds that Defendant may satisfy the notice requirements of CAFA by delivering an appropriate notice of this Settlement to the United States Attorney General and the Attorneys General of the 50 states.

33. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

34. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the

certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

35. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Court Judge

DATE: April 4, 2016