**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GROK LINES, INC., individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff,          )<br>)<br>v.                     )<br>)<br>PASCHALL TRUCK LINES, INC., )<br>)<br>Defendant.      ) | Case No. 14-cv-8033<br><br>Hon. Edmond E. Chang<br><br>Hon. Sidney Schenkier |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On April 4, 2016, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Grok Lines, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Paschall Truck Lines, Inc. ("Defendant"), as memorialized by the Parties in the Class Action Settlement Agreement dated March 30, 2016 (the "Settlement Agreement").

On October 5, 2016, the Court held a Final Approval hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited. An opportunity to be heard was provided to all persons in accordance with the Preliminary Approval Order (no one requested to be heard in advance). No persons, other than counsel for the parties, appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement

Agreement, Plaintiff's Motion For Final Approval Of Class Action Settlement, and all other evidence submitted, the Court hereby finds and orders as follows:

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in this case (the "Litigation").

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are forever bound by this Order Granting Final Approval Of Class Action Settlement.

4. Heffler Claims Group LLC, located at 1515 Market Street, Suite 1700, Philadelphia, Pennsylvania 19102, shall be the Settlement Administrator.

**Class Certification**

5. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals or entities who, up to April 4, 2016, were sent one or more facsimile in the form of Exhibit A to the Complaint from or on behalf of Defendant or who own the fax machines to which the facsimiles were sent.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that

-2-

predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Siprut PC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Plaintiff Grok Lines, Inc. is designated as representative of the Settlement Class.

8. Siprut PC is appointed as Class Counsel.

**Class Notice**

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. On May 9, 2016, the Settlement Administrator sent notice to the Class via U.S. mail and via facsimile. In addition, Class Counsel posted relevant information and documents on www.TruckCarrierTCPASettlement.Siprut.com. Class members were able to submit claims by mail or fax, with a claim deadline of July 5, 2016. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 41 valid and timely claim forms were

submitted. In addition, one valid but late claim form was also submitted. The Court accepts the late-filed claim, and approves all 42 valid claims.

**Objections and Opt-Outs**

11. No objections were filed by Class Members.

12. Two Class Members requested to be excluded from the Settlement Agreement. These Class Members are: (1) AB Express Inc., located at 1521 Snowy Plover, El Paso, Texas, 79928; and (2) BM Transportation Inc., located at 1521 Snowy Plover, El Paso, Texas, 79928. They are excluded from the class.

**Class Compensation**

13. In accordance with the terms of the Settlement Agreement, Defendant has provided a total of $100,000 to create a Settlement Fund. After deduction of notice and administrative expenses, Plaintiff's incentive award, and Class Counsel's attorneys' fees and out-of-pocket litigation costs, each of the 42 claiming Settlement Class Members shall receive an equal share (the "Class Fund"). No portion of the Settlement Fund shall revert back to Defendant. As soon as practicable following the Effective Date, the Settlement Administrator shall distribute the Class Fund *pro rata* to the 42 claiming Settlement Class Members. If any checks to Settlement Class Members remain uncashed for ninety (90) days after the date of issuance, the check will be void. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will, subject to Court approval, be paid as a *cy pres* award to be agreed upon by the

Parties. If the Parties are unable to agree, they may each present a potential recipient to the Court for selection.

**Releases**

14. Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

**Notice and Administrative Expenses**

15. The Settlement Administrator, Heffler Claims Group LLC, shall receive a payment to be paid from the Settlement Fund, for its providing of notice to the class members, administration of the settlement, and sending of payments to the class members who submitted valid claim forms. This payment shall be in the amount of $19,000.

**Award of Attorneys' Fees, Costs, and Incentive Award**

16. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $27,825 as an award of attorney's fees to be paid from the Settlement Fund after the deduction of notice and administrative expenses and Plaintiff's incentive award, and finds this amount of fees is fair and reasonable. Although the Court earlier expressed concern over the Class Counsel's decision to pursue an injunctive-relief only settlement, Class Counsel has now secured substantial relief (more than the $500, non-wilful statutory damages allowed under the TCPA) for the class.

17. The Court has considered Class Counsel's application for reimbursement of out-of-pocket litigation costs. The Court awards Class Counsel

the sum of $1,996.35 as an award of litigation costs to be paid from the Settlement Fund after deduction of notice and administrative expenses, Plaintiff's incentive award, and Class Counsel's attorneys' fees, and finds this amount of litigation costs is fair and reasonable.

18. The Court grants Class Counsel's request for an incentive award to the class representative and awards $1,500 to Plaintiff Grok Lines, Inc. The Court finds that this payment is justified by the Plaintiff's service to the Settlement Class as the class representative. This payment shall be made from the Settlement Fund.

**Other Provisions**

19. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval Of Class Action Settlement, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Granting Final Approval Of Class Action Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any

wrongdoing by the Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendant or the Settlement Class Members.

21. The Court dismisses this action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein) against Plaintiff and all Settlement Class Members, and adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

22. Plaintiff and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

ENTERED:

Dated: October 5, 2016         s/Edmond E. Chang
                               Honorable Edmond E. Chang
                               United States District Court Judge